■ BOARD OF MANAGERS OF THE 193 SECOND AVENUE CONDOMINIUM, Respondent, v END REAL ESTATE CORP., Appellant. [677 NYS2d 139] —Order and judgment (one paper), Supreme Court, New York County (Franklin Weissberg, J.), entered on or about March 18, 1998, which, *inter alia*, granted plaintiff summary judgment on its first cause of action for a permanent injunction, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered May 13, 1997, which, *inter alia*, granted plaintiff a preliminary injunction, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 16, 1998, unanimously dismissed, without costs, as subsumed in the order and judgment appealed from.

Upon examination of the documentation defining the rights of the parties in the contested portion of the cellar, including the Declaration of Condominium and the floor plans filed in connection therewith, we must conclude that these documents are inherently inconsistent and that questions of fact therefore remain precluding summary judgment.

The Declaration itself does not state in the introductory description of the commercial unit, which is held by defendant, that it includes exclusive rights to any part of the cellar. Since the Declaration, in its introductory description of the residential unit, which is held by plaintiff, does quite clearly state that the residential unit includes exclusive rights to a portion of the cellar, the absence of a similar reference in the description of the commercial unit supports plaintiff's position that the portion of the cellar below the commercial unit is not held

exclusively by defendant but is held in common by both the residential and commercial units.

However, in detailing the measurements of the commercial unit, the same document states that it is to be measured vertically from the top of the concrete floor of the cellar to the underside of the roof, which would certainly appear to indicate that the entire cellar directly underneath the first-floor commercial space is included in that unit. Defendant, supported by its expert's affidavit, further argues that the contested portion of the cellar is separated from the rest of the cellar by the same cement-block wall that separates the residential space from the commercial space on the first floor and that the Declaration states: "In the cellar and on the first floor the Residential Unit is measured horizontally * * * where a cement block wall or partition separates the Residential Unit from the Commercial Unit, to the Residential Unit side of such wall or partition, but including any surfacing material on the Residential Unit side of said walls or partitions". However, this language appears to be directed toward defining which unit owns the wall itself and simply fails to address the question at hand, i.e., whether the cement block wall in the cellar actually does separate the commercial unit from the residential unit. Moreover, the implication urged by defendant from the measurement language in the Declaration is somewhat undermined in that there appears to be no dispute that part of the cellar underneath the first floor commercial space includes the boiler room, which is necessarily utilized by both the commercial and residential units.

Moreover, plaintiff has provided further support for its position in that the floor plans that were filed with the City contain written markings indicating that the portion of the cellar below the first-floor commercial space is, as plaintiff contends, held in common to both the residential and commercial units.

Given these outright contradictions, it would appear that discovery is warranted in order to ascertain whether any proof exists concerning the intent of the parties involved at the time the Declaration was originally filed.

However, in spite of the existence of a question of fact, we also find that the preliminary injunction barring defendant from performing construction work in the space should remain in place in order to maintain the status quo.

We have considered defendant's remaining contentions and find that they are without merit. Concur—Milonas, J. P., Ellerin, Nardelli, Rubin and Andrias, JJ.